JACKSON LEWIS P.C.
MICHAEL J. CHRISTIAN, SBN 173727
SHANE R. LARSEN, SBN 283966
CONNER DALE, SBN
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: christianm@jacksonlewis.com
       shane.larsen@jacksonlewis.com

CONOR J. DALE, SBN 274123
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: conor.dale@jacksonlewis.com

Attorneys for Defendants
CITY OF PITTSBURG
and BRIAN ADDINGTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISABETH ANNE TERWILLIGER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PITTSBURG; BRIAN ADDINGTON and DOES 1-25;<br><br>Defendants. | Case No. 3:16-cv-04373-TEH<br><br>**DEFENDANTS CITY OF PITTSBURG and BRIAN ADDINGTON'S ANSWER TO PLAINTIFF ELISABETH ANNE TERWILLIGER'S COMPLAINT**<br><br>Complaint Filed: August 3, 2016<br>Trial Date: TBD |

Defendants CITY OF PITTSBURG (the "City") and BRIAN ADDINGTON (collectively, the "Defendants") hereby submit this Answer to Plaintiff ELISABETH ANNE TERWILLIGER's ("Plaintiff") Complaint for Damages ("Complaint") in the above-captioned matter.

///

///

///

1

**I.     INTRODUCTION**

1.     Answering paragraph 1 of the Complaint, said paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny each and every remaining allegation contained in said paragraph.

2.     Answering paragraph 2 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

3.     Answering paragraph 3 of the Complaint, Defendants admit Plaintiff was placed on administrative leave.  Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

4.     Answering paragraph 4 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

**II.     PARTIES**

5.     Answering paragraph 5 of the Complaint, Defendants admit Plaintiff is an individual.  Defendants admit Plaintiff is over the age of 18.  Defendants further admit that Plaintiff was employed as Police Officer with Defendant City from in or about September 2012 through in or about August 2014.  Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

6.     Answering paragraph 6 of the Complaint, Defendants admit that Defendant City is an entity of the State of California, with its principal place of business in Pittsburg, California.  Defendants further admit that Defendant City was authorized to do business in this judicial district.  Defendants further admit that Defendant City regularly employees more than five persons, including at one Plaintiff. Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

7.     Answering paragraph 7 of the Complaint, Defendants admit Defendant Brian Addington ("Addington") is an individual.  Defendants admit that Defendant Addington is presently the Chief of Pittsburg Police Department.  Defendants admit that as Chief of Pittsburg Police Department, Defendant Addington exercises a supervisory and/or managerial role.  The remaining allegations in said paragraph consists of legal conclusions to which no responsive

pleading is required.  To the extent a response is required, Defendants deny each and every remaining allegation contained in said paragraph.  Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

8. Answering paragraph 8 of the Complaint, said paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in said paragraph.

9. Answering paragraph 9 of the Complaint, said paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in said paragraph.

### III.  JURISDICTION AND VENUE

10. Answering paragraph 10 of the Complaint, Defendants admit Plaintiff has alleged claims arising under federal law and that this Court would have original jurisdiction over such claims.

11. Answering paragraph 11 of the Complaint, Defendants admit venue is proper in the U.S. District Court for the Northern District of California because Plaintiff has alleged that the conduct alleged in this action occurred in the City of Pittsburg.

### IV.  FACTUAL BACKGROUND

12. Answering paragraph 12 of the Complaint, Defendants admit Plaintiff was hired as a Police Officer I in or about September 2012.  Defendants admit Plaintiff was occasionally commended for her performance.  Defendants admit Defendant City for some of Plaintiff's employment believed Plaintiff generally met expectations for the purposes of her employee evaluations.  Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

13. Answering paragraph 13 of the Complaint, Defendants admit Plaintiff was hired on or about the same date as Officer Sibbitt.  Defendants further admit Plaintiff and Officer Sibbitt occasionally worked together during their shifts.  Defendants admit upon information and belief that Plaintiff and Officer Sibbitt had been referred to as "Sib-Beth."  Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

1     14.    Answering paragraph 14 of the Complaint, Defendants admit Plaintiff had completed her probationary period. The remaining allegations in said paragraph consists of legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in said paragraph.

    15.    Answering paragraph 15 of the Complaint, Defendants deny each and every remaining allegations contained in said paragraph.

    16.    Answering paragraph 16 of the Complaint, Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations contained in said paragraph, and on that basis deny the allegations.

    17.    Answering paragraph 17 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

    18.    Answering paragraph 18 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

    19.    Answering paragraph 19 of the Complaint, Defendants admit upon information and belief that the following was reported: That on or about April 27, 2014, Plaintiff detained a vehicle at the Meadows Mobile Home Park, which contained four individuals; that while questioning the suspects Plaintiff observed what she believed was a handgun; that Plaintiff yelled "Gun! Gun!" and demanded the driver exit the car; that Plaintiff subdued the suspect and the suspect resisted. Defendants admit upon information and belief that Officer Sibbitt arrived at the scene and struck one suspect with a flashlight. Defendants further admit upon information and belief that Sergeant Hatcher and other officers arrived at the scene later. Defendants admit upon information and belief that the gun Plaintiff observed was in fact a BB gun. Except as expressly admitted, Defendants deny upon information and belief each and every allegation contained in said paragraph.

    20.    Answering paragraph 20 of the Complaint, Defendants admit upon information and belief that Sergeant Hatcher determined no suspects would be arrested because the suspects were juveniles. Except as expressly admitted, Defendants are without sufficient knowledge or

information to form a belief about the truth of the remaining allegations contained in said paragraph, and on that basis Defendants deny each and every allegation contained therein.

21. Answering paragraph 21 of the Complaint, Defendants admit Officer Sibbitt has used the terms "flashlight therapy," "flashlight work," or words to that effect when discussing his use of force with a flashlight. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations regarding Officer Sibbitt's communications with the Contra Costa County Sheriff's Department contained in said paragraph, and on that basis Defendants deny said allegations. Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph

22. Answering paragraph 22 of the Complaint, based on information and belief Defendants deny each and every allegation contained in said paragraph.

23. Answering paragraph 23 of the Complaint, Defendants admit Plaintiff was placed on administrative leave on or about June 18, 2014 and was informed that an Internal Affairs investigation would be conducted. Defendants further admit Plaintiff's badge and gun were collected. Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

24. Answering paragraph 24 of the Complaint, Defendants admit Officer Sibbitt was placed on Administrative Leave on or about June 18, 2014. Defendants further admit Plaintiff and Officer Sibbitt began their employment on or about the same day. Defendants further admit that Plaintiff and Officer Sibbitt occasionally worked together on shifts during Plaintiff's employment. Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

25. Answering paragraph 25 of the Complaint, Defendants admit Plaintiff was spoken to about the incident at the Mobile Meadows Mobile Home Park. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in said paragraph, and on that basis Defendants deny each and every allegation contained therein.

5

DEFENDANTS' ANSWER TO COMPLAINT

*Terwilliger v. City of Pittsburg, et al.*
USDC-Eastern Case No. 3:16-cv-04373-TEH

26. Answering paragraph 26 of the Complaint, Defendants admit that Defendant City began to investigate whether Plaintiff's conduct was in any way criminal. Defendants admit Lieutenant Wade Derby was tasked with conducting an Internal Affairs investigation. Defendants admit Lt. Derby was the subject of two sexual harassment complaints. Defendants deny they informed Plaintiff that the District Attorney's Office had been asked to pursue criminal charges. Defendants deny they violated the Public Safety Officers Procedural Bill of Rights. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in said paragraph, and on that basis Defendants deny each and every allegation contained therein.

27. Answering paragraph 27 of the Complaint, Defendants admit Plaintiff was informed through counsel that she was free to challenge any accusation that was a part of and/or arose from an Internal Affairs investigation. Defendants further admit that Plaintiff submitted her resignation on or about August 4, 2014. Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

28. Answering paragraph 28 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

**FIRST CAUSE OF ACTION**
**(Violation of 75 U.S.C. §1983))**
**(All Defendants)**

29. Answering paragraph 29 of the Complaint, Defendants incorporate by reference as if fully set forth herein its answer to paragraphs 1 through 28 above.

30. Answering paragraph 30 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

31. Answering paragraph 31 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

32. Answering paragraph 32 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

33. Answering paragraph 33 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

34. Answering paragraph 34 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

35. Answering paragraph 35 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

36. Answering paragraph 36 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint, each of Plaintiff's purported causes of action, and this entire action are subject to binding arbitration, the entire action should accordingly be transferred to binding arbitration, and this action should then be dismissed and/or stayed.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that the doctrine of estoppel applies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent the doctrine of laches applies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery under Plaintiff's Complaint, or any cause of action alleged therein, to the extent the doctrine of unclean hands applies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent the doctrine of waiver applies.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to offset for any monies received by Plaintiff from any source in compensation for his alleged economic damages and non-economic damages under the common-law doctrine of offset and under the doctrine prohibiting double recovery set forth in *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff lacks standing to assert such a cause of action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (*see* California Labor Code section 3600 *et seq.*). Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation Act because Plaintiff alleged injuries: (1) occurred at a time when both Plaintiff and Defendants were subject to Labor Code section 3600(a); (2) occurred in the course of and incidental to Plaintiff's employment; and (3) were proximately caused by the employment.

**TENTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of Plaintiff's duties and failed to comply substantially with the reasonable directions of Plaintiff's employer.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Defendants obtain through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the Complaint and each purported cause of action alleged therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitation, including but not limited to, California Government Code sections 12960(d) or 12965(b), California Code of Civil Procedure sections 335.1 and 338(a), and 42 U.S.C. § 1988 to the extent the conduct complained of occurred outside the time frames set forth in those statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to exhaust administrative and judicial remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because any and all actions taken by Defendants with regard to Plaintiff's employment were based on legitimate, non-retaliatory business reasons and would have been taken regardless of Plaintiff's alleged protected characteristic or protected activity, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damages for alleged retaliation are limited by the Avoidable Consequences Doctrine to the extent that: (1) Defendants exercised reasonable steps to prevent and correct any workplace behavior alleged unlawful; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendants provided; and (3) reasonable use of the Defendants' procedures would have prevented at least some of the harm that Plaintiff suffered. *See State Dept. of Health Services v. Superior Court* (2003) 31 Cal. 4th 1026; *see also Price Waterhouse v. Hopkins* (1989) 490 US 228.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, or Plaintiff's damages must be reduced, to the extent Plaintiff failed to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

///

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants are not liable for Plaintiff's emotional distress, if any, because Defendants' conduct was privileged, in that Defendants were exercising their legal rights; Defendants' conduct was lawful and consistent with community standards; and Defendants had a good-faith belief that they had a legal right to engage in the conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred in whole or in part and/or Plaintiff is precluded from any monetary damages because, even assuming, *arguendo*, that the Court or a jury should find that discriminatory and/or retaliatory reasons were a factor in any employment decision involving Plaintiff (which Defendants deny), Defendants would have made the same employment decisions with regard to Plaintiff in any case for legitimate, non-retaliatory reasons, and the alleged illegal reasons were not a substantial factor in motivating Defendants' actions. *See Harris v. City of Santa Monica* (2012) 56 Cal.4th 203.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for punitive damages against Defendants under California Civil Code sections 3294 and 3295.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive or exemplary damages violate rights provided under the First, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution and under the California Constitution and/or are unconstitutional to the extent any such award for punitive or exemplary damages is unreasonable and disproportionate under *State Farm Mutual Auto. Ins. Co. v. Campbell* (2003) 538 U.S. 408 and its progeny.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each and purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendants.

///

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Any and all acts or omission by Defendant City, and its agents and employees, including Defendant Addington, which allegedly caused damages at the time and place set forth in Plaintiff's Complaint and each cause of action therein which is subject to this action, were a result of the exercise of discretion vested in Defendant or subject to government immunities, and therefore Defendant is not liable to Plaintiff for any of the alleged damages, pursuant to, but not limited to, California Government Code sections 815, 815.2, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, and 822 and any other applicable statutory or common law immunity provisions.

Because Defendants presently do not have sufficient knowledge or information upon which to form a reasonable belief as to whether it may have available additional but as yet unstated defenses and cannot fully anticipate all defenses that may be applicable to this action, Defendants hereby reserve the right to assert additional defenses if and to the extent that such defenses are or become applicable.

**PRAYER**

WHEREFORE, having answered Plaintiff's Complaint and having alleged affirmative defenses, Defendants pray:

1. That Plaintiff take nothing by her Complaint;
2. For judgment in Defendants favor and dismissal of all of Plaintiff's claims against it;
3. For Defendants costs and attorneys' fees incurred in this action; and
4. For such other and further relief as the Court may deem proper.

Dated: September 28, 2016         JACKSON LEWIS P.C.

By:   */s/ Michael J. Christian*
      Michael J. Christian
      Shane R. Larsen
      Conor Dale

      Attorneys for Defendants
      CITY OF PITTSBURG
      and BRIAN ADDINGTON